**Law Offices of Louis J. Maione, P.C.**
**Louis J. Maione (LM 8589)**
**350 Central Park West, 3d Floor**
**New York, New York 10025**
**Tel: 917-549-5693**
**louisjmaione3@gmail.com**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

Keyu Long

                                        Plaintiff,

                        v.

Amway Corp.

                                        Defendant.

---

___Civ._____

**COMPLAINT FOR**
**DECLARATORY**
**JUDGMENT AND**
**OTHER RELIEF**

**JURY DEMAND**

Plaintiff, Keyu Long ("Long" or "Plaintiff "), by and through her counsel, the Law Offices of Louis J. Maione, P.C., as and for her Complaint against the Defendant, Amway Corporation, also known as Quixtar, Inc. ("Amway" or "Defendant"), alleges herein as follows:

### NATURE OF THE ACTION

1.      This is a civil action brought by Plaintiff, *inter alia*, pursuant to 28 U.S.C. §2201 et seq. for a Declaratory Judgment of her rights as a litigant; as well as pursuant to 42 U.S.C. §1981 et seq., otherwise known as Title VII of the Civil Rights Act of 1964, to redress the failure by Defendant to pay Plaintiff her contractually agreed upon bonus ("Bonus"), based on what Plaintiff alleges to be the illegal, discriminatory

withholding of Bonus not only from her but, based on their ethnicity all similarly situated Amway distributors of Asian extraction, particularly Chinese.

2. While Plaintiff brings this action on her own behalf, she believes there is ample evidence to allow that this matter safely may be brought on behalf of all other Chinese persons similarly situated, and reserves the right, upon proper application and with the Court's approval, to bring the action on their behalf as a class.

3. Plaintiff brings this action for a Declaratory Judgment, *inter alia*, to declare that the agreement between Plaintiff and Defendant, and those same agreements between those similarly situated and Defendant, is void, or voidable in part, as it mandates submitting disputes to an alternative dispute resolution ("ADR") process which is both procedurally and substantively unconscionable.

4. Without this Court's intervention, Plaintiff's only means of redress to recover her Bonus would be to submit to the Defendant's ADR procedures and thereby risk being forever precluded from any remedy by the Court with respect to contractual disputes.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 in that the declaratory judgment claim and the discrimination claim herein both arise in whole, or in part, under the laws of the United States.

6. The Court has supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. §1367, *inter alia,* because those claims are so related to the claims within the Court's original jurisdiction that they form part of the same case and controversy.

7.    Alternatively, even without federal question jurisdiction, this Court would have jurisdiction over this matter, pursuant to 28 U.S.C. §1332, in that complete diversity exists between the parties, and most assuredly the monetary damages claimed herein by Plaintiff exceeds Seventy-Five Thousand ($75,000.00) Dollars.

8.    Venue is proper in this District pursuant to 28 U.S.C. §1391 in that Plaintiff maintains her business, together with her husband, Hui Wang, which is at the heart of this dispute, at 1370 Broadway, Suite 554, New York, New York 10018, while the Defendant, upon information and belief, conducts business in New York County through the contractual arrangements with other distributors of Defendant's products including by other "Down Liners."

9.    Plaintiff brings this action on her own, but potentially on behalf of a class consisting of all Asians, including Chinese "Down-Liners", who pretextually have been deprived of their Bonus by Defendant.

10.   Upon information and belief, that class would be entitled to certification under Rule 23 (b) (2) of the Federal Rules of Civil Procedure, which will enable final declaratory and injunctive relief appropriate with respect to a class as a whole as that class will be identified, because Defendant, upon information and belief, has acted on grounds generally applicable to that class.

## THE PARTIES

11.   Keyu Long, also known as "Adeline", is a resident of the state of New York.

12.   Amway (a/k/a "Amway Global" and/or "Quixtar Inc.") is, upon information and belief, a Virginia corporation headquartered in, and a resident of the state of Michigan, maintaining its corporate headquarters in the greater Grand Rapids metropolitan area. Quixtar became the successor-in-interest to Amway and, upon

3

information and belief, changed the corporate name to Amway Global but, further upon information and belief, Quixtar is wholly owned by Alticor, Inc., a holding company which now serves as parent to Amway.

13. Amway, *inter alia*, the contracting Defendant herein, is a multilevel marketing company which produces and markets a variety of household products, including by way of example and not limitation, home cleaning products which it sells to consumers through a network of individual distributors known as "Independent Business Owners" or "IBOs."

14. IBOs, in turn, are given the right by Amway to sponsor other distributors who are commonly referred to as "Down Liners." ("Down Liners"). An IBO may, therefore, also be a "Down Liner."

15. Adeline, Xiuhua Shi, d/b/a Min and Hua, Inc. ("Min & Hua"), Biqin Lin, d/b/a/ He and Lin Inc. ("He & Lin") and Wu Zheng and Hongbo Sun, d/b/a/ Hao Zheng, Inc. ("Wu Zheng"), all are IBO's.

16. Xiuhua and Biqin Li are also "Down Liners"; Adeline is a Down Liner of Harry Zheng, an Amway IBO, and Biqin Lin and Xiuhua Shi are Down Liners of Wu Zheng.

17. None of the individuals, or the companies under which the Down Liners operate, have any connection to the state of Michigan other than their attenuated relationship with Amway as a citizen of Michigan.

## THE BACKGROUND FACTS

18. As a general rule, IBOs enter into a contract with Amway that includes, *inter alia*, all of the terms in the IBO Registration Agreement ("Registration" or "Agreement") and the Amway Rules of Conduct ("Rules of Conduct").

19.    The Registration is in both English, Spanish and Chinese, and perhaps other foreign languages but, if signed **online** by an IBO, **only** is available in English. *(**Emphasis provided**)

20.    While the Rules of Conduct also are published online they **only** are carried in English and Spanish; a Chinese version is not provided online.

21.    In or around July of 2011, Adeline and, upon information and belief the other three Down Liners referred to herein at other relevant times, executed a Registration Agreement with Amway **on line**, in other words, in English; with no Chinese version available.

22.    In 2011, Adeline hardly was conversant in English, and did not understand the terms and conditions of the Registration Agreement.

23.    In addition, Adeline had never entered into a contractual relationship before, nor had ever been engaged in a business relationship of any kind, and did not, nor could she participate in the negotiation of the Rules of Conduct.

24.    Plaintiff possessed absolutely no bargaining position vis-a-vis the Defendant with respect to the Rules of Conduct or otherwise.

25.    The other Down Liners, all of whom also executed the English version of the Registration **online**, neither speak, write, nor understand English and, further upon information and belief, did not have any Amway documentation translated to, or for them, before they executed the Registration.

26.    The Registrations are presented in a "take it or leave it" approach.

## <u>FAILURE TO PAY BONUS</u>

27.    In October of 2016, Adeline was informed in writing, upon information and belief as were dozens of other Down Liners that she was not going to receive her yearly

Bonus which usually is paid in October for the previous year ending in August.

28.      The other Down Liners referred to herein also were informed that they would not receive their Bonus.

29.      Upon information and belief, after some inquiry by Plaintiff, she determined that all the others who did not receive their Bonus number approximately 75 to 100 in total; **all are of Asian/Chinese extraction.**

30.      In something of a form letter, Amway notified the Chinese recipients that they had a right to appeal Amway's decision not to pay them the Bonus under the ADR procedures of Rule 11 of the Rules of Conduct.

## ADR PROCESS IS UNCONSCIONABLE

31.      Among other things, the Rules of Conduct **require** a series of steps as a precursor to the ultimate resolution of a dispute.

32.      Essentially, they are as follows: first, "reciprocal" conciliation, which is a non-binding mediation ("Mediation") at which Amway's IBOAI (the "IBO Board of Directors") selects and provides the mediator ("Mediator"). All parties are **obligated** to participate at this informal stage.

33.      The IBO Board is comprised of Amway's very top producers, who are the most highly compensated by Amway.

34.      The second or next step is more formal Mediation before a Hearing Panel.

35.      If the informal Mediation fails, or the parties do not agree with the Mediator's recommendation, the aggrieved party may then request the Hearing Panel process.

36.      The Hearing Panel Chairperson, however, also is exclusively selected by the IBOAI Board, along with the Board's selection of three additional Panel members, and

alternates.

37.  As such, a claimant like Adeline has no choice as to who serves on the Hearing Panel, or the three members or the alternates, just as she would have no choice as to the selection of the Mediator in the first step of the conciliation process.

38.  Should a voluntary resolution not occur at the Hearing Panel stage either party shall be entitled to submit the dispute to binding arbitration, governed by the Federal Arbitration Act (the "Act").

39.  Participation in the Amway ADR process requires that individuals like the Plaintiff travel to Grand Rapids, Michigan, for the Conciliation; and, in turn for the Mediation; and, finally, for an Arbitration proceeding, all governed pursuant to the laws of Michigan except to the extent that the Act applies to the ADR provisions of Rule 11 of the Rules of Conduct, and at her/his sole expense.

40.  In other words, an aggrieved IBO or Down Liner, here the Plaintiff, at her own expense, would have to travel **at least three (3) times** to Grand Rapids, Michigan, Amway's headquartered city, to participate in the dispute resolution process, incurring the costs of travel, meals and lodging, as well as the costs of interpreters since she is not fully conversant in English, with the first two steps of the process adjudicated by individuals **exclusively** selected by the Defendant.[1]

41.  If an arbitration were to become bi-furcated for any reason, as sometimes of course occurs, there would be additional expense, including travel days, for every continued day of arbitration.

---

[1] Amway is located at 5101 Spalding Plaza, SE, Ada, Michigan. Participating in the three-step process requires a claimant to incur three separate trips from New York at claimant's expense; attorney fees, food, lodging, travel expenses and an interpreter on 3 separate occasions make the process unduly burdensome for a claimant.

42.   The Rules of Conduct essentially require the IBO waive any class action, and precludes a Plaintiff from participating in any claim asserted as a class action.

## VALIDITY OF THE ADR PROVISIONS

43.   The Defendant's agreements are both procedurally and substantively unconscionable as a matter of law, irrespective of which state law would apply, and therefore unenforceable.

44.   As such, Plaintiff should be allowed to pursue her claim for payment of her earned Bonus, not pursuant to the required procedures delineated in the Rules of Conduct, rather in this Court pursuant to the substantive law of New York, allowed to prove that she, and likely the entire Chinese community of IBOs and Down Liners, dozens in number, has been discriminated against by Amway on the basis of ethnicity by unilaterally refusing to pay Bonus.

45.   Plaintiff is aware that at least 75-100 IBO's, all of Asian/Chinese extraction, also have had their Bonuses withheld along with hers and, therefore, compelled to arbitrate.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

46.   Plaintiff repeats and realleges ¶'s one (1) through forty-five (45), inclusive, as if fully set forth at length herein.

47.   Plaintiff is entitled to a Declaratory Judgment that the Amway Registration and Rules of Conduct, and particularly the ADR procedures, are both procedurally and substantively unconscionable and, therefore, as a result she should be entitled to dispute the failure to pay Bonus and pursue her claims against Defendant in this Court, together with such other and further relief as to this Court seems just and

Liners their earned Bonus, totaling somewhere between 75 and 100 individuals all of the same ethnicity.

55.     Upon information and belief, the number may be even greater than that above mentioned but Plaintiff has no appreciable way to determine the identity of all those so deprived until she is able to obtain discovery.

56.     Participating in the ADR procedures not only does not guarantee discovery, but precludes any class actions even if discovery unearthed a discernible class.

57.     From what she has been made aware, the inference drawn by Plaintiff, however, is of a pattern of intended discrimination and racial animus by Amway which is reasonable under the circumstances given the sheer number of IBOs of Chinese extraction who were denied Bonus, and constitutes a palpable pattern enough to establish a prima facie case of discrimination under 42 U.S.C. §1981 in that, to Plaintiff's knowledge no IBOs, other than distributors in the greater New York Metropolitan area who are of Chinese or other Asian extraction, have been deprived their Bonuses; all the IBOs not paid their Bonus of which Plaintiff is aware are Chinese.

58.     The combined, but withheld Bonuses to just the other three cited IBO's referred to herein is approximately Five Hundred, Fifty Thousand ($550,000.00) Dollars; and, upon information and belief, the combined Bonuses of all Chinese IBOs deprived of their Bonus will amount to Millions of dollars when added to the number of distributors who have not been paid their Bonuses based on ethnicity.

59.     Discrimination based on ethnicity or race is actionable under 42 U.S.C. § 1981 et seq., as well as under the law of New York, and, in the instant matter, Plaintiff's claim, upon discovery, likely will also give rise to a class action.

proper.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract and Unjust Enrichment)

48.     Plaintiff repeats and realleges ¶'s one (1) through forty-seven (47), inclusive, as if

fully set forth at length herein.

49.     Defendant has breached its agreement with the Plaintiff by failing to pay Plaintiff

her annual, yearly Bonus of approximately One Hundred, Seventeen Thousand

($117,000.00) Dollars.            .

50.     By doing so, Defendant not only has breached its contractually secured obligation

to pay Plaintiff her annual performance Bonus, but as a result therefor Defendant is

being unjustly enriched by retaining those Bonus monies due to Plaintiff and others

similarly situated for its own use and enjoyment at the expense of each deprived

IBO.

51.     By reason thereof, Plaintiff has been damaged in a like amount and is entitled to

have judgment over and against, and to recover against Defendant at least in the

amount of $117,000.00, together with reasonable attorney fees and the costs and

disbursements of this action.

52.     Plaintiff is entitled to judgment therefor over and against Amway in the amount

stated hereinabove.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Discrimination By Race)

53.     Plaintiff repeats and realleges ¶'s one (1) through fifty-two (52), inclusive, as if

fully set forth at length herein.

54.     Plaintiff is aware that in addition to the refusal by Amway to pay her Bonus,

Amway also has refused to pay dozens, if not hundreds, of Chinese IBOs and Down

60.     It is nonetheless actionable as against Amway by this Plaintiff alone for which she

should be entitled to statutory damages, including attorney fees, costs, and punitive

damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following

relief:

a.      On the First Cause of Action, declaring that Plaintiff be allowed to pursue her

claims against Amway in this Court as the Defendant's ADR procedures are

procedurally and substantively unconscionable and unenforceable;

b.      On the Second Cause of Action, granting judgment to Plaintiff in the amount

of her unpaid Bonus, together with other compensatory damages which flow as

a result of Defendant's breach;

c.      On the Third Cause of Action, granting judgment to Plaintiff based on racial

discrimination;

d.      Allowing Plaintiff, upon proper proof and application, to represent a class

should she establish that an aggrieved class exists; and

e.      Such other and further relief as this Court deems just and proper under the

premises, including injunctive relief if necessary to redress the wrongs

complained of herein

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury as of right on each and every issue other than those reserved for this Court as

a matter of law.

Dated: New York, New York
       April 10, 2017

                              Respectfully submitted,

                              Louis J. Maione (LM 8589)
                              LOUIS J. MAIONE, P.C.
                              350 CPW, Third Floor
                              New York, New York 10025
                              Tel: 917-549-5693
                              louisjmaione3@gmail.com