MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

May 4, 2017

Writer's Direct Contact
+1 (212) 336.4069
DFioccola@mofo.com

<u>Via ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Keyu Long v. Amway Corporation*, Case No. 1:17-cv-02613 (KPF)

Dear Judge Failla:

Pursuant to Your Honor's Individual Rules, I write on behalf of Defendant Amway Corp. ("Amway") to request a pre-motion conference regarding a motion to compel arbitration in this action.

Plaintiff is an individual who registered with Amway as an independent business owner ("IBO") pursuant to an IBO Registration Agreement (the "Agreement") and the Amway Rules of Conduct (the "Rules"), which are incorporated by reference into the Agreement. The Agreement sets forth the terms and conditions of Plaintiff's relationship with Amway, including an explicit agreement to "resolve all claims and disputes arising out of or relating to an Independent Business [and] the IBO Contract" in accordance with "the Dispute Resolution Procedures described in the Rules, specifically Rule 11." (the "ADR Procedures"). Specifically, Plaintiff agreed to submit "any dispute" she may have with Amway "to conciliation under Rule 11.4," and further agreed to a clear and conspicuous arbitration provision stating "if any claim or dispute cannot be resolved by good faith efforts in conciliation under Rule 11.4, [she] will submit any remaining claim or dispute arising out of or relating to [her] Independent Business . . . to binding arbitration in accordance with Rule 11.5" (the "Arbitration Provision").

Plaintiff ignored her contractual obligation to resolve her claims—which she concedes arise out of her status as an IBO—pursuant to the terms of the Agreement and instead filed this action. In her Complaint, Plaintiff acknowledges that she entered into a binding contract with Amway, but seeks a declaratory judgment that the ADR Procedures and Arbitration Provision she agreed to are "both procedurally and substantively unconscionable." (*See* Compl. ¶ 47.) Plaintiff also asserts breach of contract, unjust

enrichment, and discrimination on the basis of race based on allegations that Amway "breached its contractually secured obligation to pay Plaintiff her annual performance Bonus" and "has refused to pay dozens, if not hundreds, of Chinese IBOs and Down Liners their earned Bonus." (*See* Compl. ¶¶ 50, 54.) Although Plaintiff does not reference the specific contractual provisions that Amway allegedly breached—and has therefore failed to state a proper breach of contract claim—the Arbitration Provision nevertheless applies to "all claims and disputes arising out of or relating to an Independent Business [or] the IBO Contract." Plaintiff cannot have it both ways, asserting a breach of the Agreement while at the same time seeking to evade the Arbitration Provision within that very same agreement. This Court should enforce the parties' Agreement and dismiss or stay this action in favor of individual arbitration accordingly. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 335 (2011) (emphasizing that the Federal Arbitration Act embodies a "liberal federal policy *favoring* arbitration.") (emphasis added).

1. **The Arbitration Provision Requires That The Arbitrator Decide Any "Gateway" Issues Of Arbitrability.**

Although Plaintiff's claims are clearly subject to arbitration, any dispute concerning the validity of the Arbitration Provision or its applicability to Plaintiff's claims must be delegated to, and decided by, an arbitrator.

A court facing a motion to compel arbitration is limited to assessing two "gateway" questions in determining whether a dispute is arbitrable: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question ... and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *See Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001). But the Supreme Court has recognized "that parties can also agree to delegate this 'gateway' question to an arbitrator," and, therefore, "when an arbitration agreement contains an antecedent agreement delegating the question of the agreement's enforceability to an arbitrator, this antecedent agreement itself is 'valid, irrevocable, and enforceable.'" *Kuehn v. Citibank, N.A.*, No. 12 CIV. 3287 DLC, 2012 WL 6057941, at *3 (S.D.N.Y. Dec. 6, 2012) (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 69 (2010)).

That is exactly what the Arbitration Provision here does: it contains an antecedent agreement that states: "The Arbitrator, and not any federal, state or local court or agency shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including, but not limited to, any claim that all or any part of this Agreement is void or voidable." Courts in this Circuit have routinely enforced arbitration agreements with similarly clear, unmistakable language delegating "gateway" issues to the arbitrator. *See PaineWebber, Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir. 1996). This Court should enforce the clear terms of the delegation clause so that an arbitrator can determine the gateway issues in the first instance. *See Am. Exp. Co. v.*

MORRISON | FOERSTER

*Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (courts must "rigorously enforce arbitration agreements according to their terms.") (internal citations and quotations omitted).

2. **Plaintiff's Claims Are Subject To Arbitration Because The "Gateway" Issues Have Been Satisfied.**

Even if the Court does not enforce the delegation clause—and it should—the Arbitration Provision must be enforced because the "gateway" issues have been satisfied.

First, Plaintiff affirmatively entered into the Agreement with Amway by clicking on a "Yes, I Agree" button after viewing a digital copy of the Agreement—including the Arbitration Provision—which is sufficient to demonstrate assent. *See Fteja v. Facebook*, 841 F. Supp. 2d 829 (S.D.N.Y. 2012) (finding that user's affirmative step of clicking "Sign-Up" button agreeing to Terms of Service was sufficient to demonstrate assent). Regardless, because Plaintiff asserts claims for breach of the Agreement, she concedes that she entered into a valid contract with Amway.

Second, there can be no dispute—and Plaintiff in fact concedes—that the claims in her Complaint fall directly within the scope of the Arbitration Provision. (*See* Compl. ¶¶ 31-42.) Plaintiff's claims—which are all based on the alleged failure to pay a Bonus pursuant to the terms of the Agreement—are subject to arbitration because they are claims "arising out of or relating to an Independent Business [and] the IBO Contract." And even if Plaintiff's claims did not expressly involve the terms of the Agreement—though they do—Plaintiff's claims against Amway would be covered by the broad arbitration provisions in the Agreement in any event. *See, e.g., Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 100 (S.D.N.Y. 2015) ("Clauses requiring arbitration of disputes 'arising out of or in connection with' underlying contracts are considered 'broad' arbitration clauses. Indeed, an arbitration clause covering 'any claim or controversy arising out of or relating to' an agreement is 'the paradigm of a broad clause'"); *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

\*   \*   \*

As set forth above, Plaintiffs' claims must be arbitrated on an individual basis. Plaintiff's claims also lack merit, however. In the event Amway's motion to compel arbitration is denied, Amway will move to dismiss the Complaint. Plaintiff's counsel does not consent to Amway's motion to compel and to stay Amway's time to answer the Complaint. Accordingly, Amway respectfully requests that the Court stay its deadline to answer the complaint while the motion to compel arbitration is pending.

Sincerely,

*/s/ David J. Fioccola*

David J. Fioccola