| | |
|---|---|
| One (1) University Plaza, Suite 408<br>Hackensack, New Jersey 07601<br>Telephone: (646) 749-8014 | Admitted New York and New Jersey<br>maionelawoffices.com |

**Law Offices of Louis J. Maione**
350 Central Park West, 3d Floor
New York, New York 10025

Telephone: (917) 549-5693
Email: louisjmaione3@gmail.com

Respond to NJ ☐

NY ☒                                                                                   May 8, 2017

**By ECF**

Honorable Katherine Polk Failla
United States District Court
Sothern District of New York
500 Pearl Street
N.Y., N.Y. 10007

                              Re: **Keyu Long v. Amway Corp.;**
                                    **1:17-Cv-2613 (KPF)**

Dear Judge Failla:

      I am counsel to Plaintiff in the above-captioned matter, Keyu Long (a/k/a "Adeline Wang"), and submit this letter in opposition to the application by Defendant, Amway Corp. ("Amway" or "Defendant"), for permission to make a motion to compel arbitration.

      In its motion, Amway argues both erroneously, as well as elliptically, that Plaintiff "cannot have it both ways" by asserting a breach of the IBO Registration Agreement ("Agreement") as to the deprivation of her bonus ("Bonus"), while at the same time seeking to evade the arbitration provisions of that very Agreement, apparently suggesting that there has

never been a case where one provision of a contract has been held by a court to be invalid, for example, while otherwise upholding the other provisions.

Conversely, Plaintiff in her Complaint ("Complaint"), *inter alia*, seeks a declaratory judgment that she is entitled to her Bonus as a matter of elementary contract law pursuant to the law of New York, but that the ADR provisions of the Agreement ("ADR") cannot be enforced by the Defendant because the entire Agreement is flawed and is both procedurally and substantively unconscionable. In other words, Plaintiff seeks to enforce her rights to her Bonus under the law of New York, unfettered by the unconscionable provisions of the Agreement, specifically those as to resolving disputes and those as to the choice of law, as well as to the formation of that Agreement *ab initio*.

Certainly Defendant cannot be arguing that if the Agreement were to be determined by this Court to be both procedurally and substantively unconscionable Plaintiff would thereby forfeit her Bonus based on sales performance which Defendant historically pays to IBO's as a matter of course and based on merit?

**"Gateway" Issues of Arbitrability Are for the Court to Decide.**

Disputes about whether parties are bound by an arbitration agreement, or if a particular controversy falls under the scope of an arbitration agreement, are both the types of "gateway" issues that go to arbitrability and are issues for the courts to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84, 123 S. Ct. 588 (2002). While § 2 of the Federal Arbitration Act ("FAA") upholds the validity and enforceability of arbitration provisions it does not do so at the expense of setting them aside on such grounds as exist at law or in equity for the revocation of any contract. *Opals on Ice Lingerie v. Body Lines*, 320 F.3d 362, 369 (2d Cir. 2003). And § 4 of the FAA provides in pertinent part that,"[i]f the making of the arbitration agreement…be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4.

Essentially, procedural unconscionability addresses the ability of one party's bargaining position to negotiate, and the relative strengths of the parties in a "take it or leave it" scenario without the opportunity for any meaningful negotiation; while substantive unconscionability addresses fairness of the provisions in dispute. "It is clear that questions of contractual validity relating to the unconscionability of the underlying arbitration agreement must be resolved first, as a matter of law, before compelling arbitration pursuant to the FAA." *Cap Gemini Ernst & Young, US, LLC v. Nackel*, 346 F. 3d 360, 365 (2d Cir. 2003). See, e.g., *Alexander v. Anthony Int'l. L.P.*, 341 F. 3d 256, 264 (3d Cir. 2003) (recognizing that unconscionability must be addressed first).

While Defendant cavalierly states that the "gateway" issues have been satisfied (apparently expecting the Court to assume that a Chinese national like the Plaintiff, as well as all the other potential members which Plaintiff believes may qualify as a class, while unconversant in both written and spoken English and, therefore, unable to sufficiently understand the Agreement's most rudimentary terms, or its significance, somehow assented to them by "clicking" on a button), nothing can be further from the truth.

For example, in *Specht v. Netscape Communications Corp.*, 306 F. 3d 17, 27, 30 (2d Cir. 2002), then Judge Sotomayer, writing for a unanimous Second Circuit Court in a matter which revolved around issues of whether the reasonably prudent, educated, English speaking and reading users of the Netscape website, assented to arbitrate claims merely by "clicking" on a button, stated that, "Arbitration agreements are no exception to the requirement of assent. 'This principle of knowing consent applies with particular force to provisions for arbitration.'" In affirming the district court's holding that the five user plaintiffs could not be compelled to arbitrate their claims because they never assented, and applying state law principles to the contract formation, it denied both the motion to compel arbitration and to stay proceedings.

### Amway's Arbitration Agreement Already Adjudicated as Unconscionable.

In *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 993 (9th Cir. 2010) the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") ruled that the ADR provisions of the Amway Agreement were both procedurally and substantively unconscionable, affirming the district court which had determined that California law, the state of residence of the class-action plaintiffs in that matter, was applicable, not Michigan law as the Defendant contended, and which opined that the ADR process as a whole was "simply too tainted" because, *inter alia*, it was permeated with unconscionable provisions and was therefore unenforceable..." and that plaintiffs in that case, like Adeline Wang and the potential class of aggrieved, New York Chinese IBO's in the instant matter, had no discernible connection to the state of Michigan. In determining that the "entire ADR scheme... to be unenforceable", the Ninth Circuit applied California law, not Michigan law.

### Amway Has Already Lost This Argument in *Pokorny*.

The doctrine of collateral estoppel precludes a party from relitigating in a subsequent proceeding an issue of law or fact already decided against it in a prior proceeding if (1) the issue was raised in a previous proceeding; (2) the issue actually was litigated and decided; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *Boguslavsky v. Kaplan*, 159 F. 3d 715, 720 (2d Cir. 1998). And, this equitable principle can be predicated on arbitration proceedings. *Jacobson v. Firemen's Fund Ins. Co.*, 111 F.3d 261, 267-68 (2d Cir. 1997).

It is respectfully submitted that Amway is collaterally estopped from even arguing the issue of procedural and substantive unconscionability of its ADR provisions, and/or the validity of the Agreement as a whole; and, *a fortiori* should be estopped from arguing that the ADR provisions are enforceable against Adeline Wang as it previously has unsuccessfully argued in *Pokorny*. See, *Nitro Distrib., Inc. v. Alticor, Inc.*, No. 03-3290-CV-W-RED, 2005 U.S. Dist. LEXIS 46777, at *38-43 (W.D. Mo. Sept. 16, 2005), aff'd on other grounds, 453 F. 3d 995 (8th Cir. 2006); *Morrison v. Amway Corp.*, 517 F.3d 248, 254-57 (5th Cir. 2008).

For the reasons stated herein above, Plaintiff respectfully opposes Defendant's application for permission to make a motion to compel.

New York, New York                                          Yours etc.,


                                                            /s/ *Louis J. Maione, Esq.* (8589)