UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEYU LONG,

               Plaintiff,

        -v.-

AMWAY CORP.,

               Defendant.

2:17 Civ. 2613 (KPF)

ORDER

KATHERINE POLK FAILLA, United States District Judge:

    This action was initiated by the filing of a complaint on April 11, 2017. (Dkt. #1). On July 31, 2017, Defendant Amway Corp. ("Amway") filed a motion seeking to compel arbitration pursuant to a provision in its contract with Plaintiff. (Dkt. #18). On January 30, 2018, after full briefing, the Court granted Amway's motion to compel arbitration and stayed this case pending the outcome of any arbitration pursuant to *Katz* v. *Cellco P'ship*, 749 F.3d 341, 345 (2d Cir. 2015). (Dkt. #34). On June 1, 2017, the Court ordered the parties to begin providing status updates to the Court regarding the status of this matter. (Dkt. #37).

    The parties spent the next several months attempting to settle the case. (*See* Dkt. #39, 41). Then, on December 6, 2018, Plaintiff served an arbitration demand on Amway and the American Arbitration Association ("AAA") opened a case file for the matter on December 12, 2018. (See Dkt. #42). The parties engaged in the arbitration process over the next several months. (*See* Dkt. #43, 44). However, on October 15, 2019, Amway informed the Court that the AAA had suspended the arbitration proceedings until April 9, 2020, due to

Plaintiff's failure to satisfy her payment obligations under the AAA Commercial Arbitration Rules. (Dkt. #46). In response, the Court lifted the stay in the case for purposes of holding a conference. (*See* Dkt. #47).

The Court held a conference on October 30, 2019, at which time the parties confirmed that Plaintiff was in arrears on her arbitration bills. (*See* Minute Entry for 10/30/2019). On January 28, 2020, the parties informed the Court that the arbitration proceedings remained suspended. (Dkt. #49). The Court ordered the parties to provide another status update by April 28, 2020. (Dkt. #50). The Court informed the parties that if Plaintiff had not paid her arbitration fees by that time, the Court would entertain a motion to close this case. (*See id.*).

On April 28, 2020, Amway submitted a letter to the Court explaining that Plaintiff had not paid her AAA fees by April 9, 2020, and that the arbitrator dismissed Plaintiff's action pursuant to AAA Commercial Rule 57 on April 22, 2020. (Dkt. #51). In its letter, Amway asked the Court to enter an order confirming the arbitrator's April 22, 2020 ruling and dismiss this case with prejudice in light of Plaintiff's failure to comply with her contractual obligations and the Arbitrator's ruling dismissing Plaintiff's claims in arbitration. (*See id.*). Amway attached the letter from the arbitrator confirming the dismissal of Plaintiff's arbitration. (Dkt. #51-1).

On April 28, 2020, the Court ordered Plaintiff to respond to Amway's letter by May 15, 2020. (Dkt. #52). Then, on May 11, 2020, Amway submitted an additional letter to the Court clarifying that the arbitrator's dismissal of

Plaintiff's action was without prejudice. (Dkt. #53). Accordingly, Amway asked that the Court dismiss this action without further briefing or motion practice. (*See id.*). On May 15, 2020, Plaintiff filed a letter in response to Amway's letters stating that she concurs with Amway that no further briefing or motion practice is necessary. (Dkt. #54). Plaintiff asks that the Court consider a stay of this action or a dismissal without prejudice. (*Id.*).

Accordingly, Amway asks this Court to dismiss the case and Plaintiff asks for either a stay or dismissal without prejudice. The Court concludes that a dismissal with prejudice would be inappropriate given that the arbitrator's dismissal was without prejudice. At the same time, the Court sees no reason to continue the stay in this case given that the arbitration proceeding has been dismissed and Plaintiff has made no indication that she will be refiling her claims in arbitration.

Accordingly, this action is hereby DISMISSED without prejudice. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: May 15, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge